PAZ, PLAINTIFF AND APPELLEE, *v.* BONET, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.—Motion for Reconsideration.

No. 2680.—Decided November 9, 1922.

APPEAL—COSTS—NOTICE OF APPEAL—INTERNAL REVENUE STAMPS.—When the corresponding internal revenue stamps required for the payment of costs in accordance with the Act regulating the collection of fees and costs in civil cases, approved March 11, 1915, are not affixed to a notice of appeal, the notice is null and void, because this is an essential requisite for the perfection of the appeal; and if this requirement is not complied with before the expiration of the time allowed within which to appeal, the status of the case is as if no appeal had been taken in time.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

On July 11, 1922, judgment was rendered in this case
affirming the judgment of the trial court. On July 31, 1922,
the defendant-appellant filed a motion for reconsideration of
the said judgment, alleging that this court made no declara-
tion regarding the motion for a new trial which was overruled
by the lower court, from which ruling an appeal was taken
to this court.

The plaintiff-appellee opposed the motion for reconsider-
ation and exhibited a certificate of the clerk of the lower court
showing that although the defendant-appellant, on No-
vember 23, 1921, appealed from the order refusing to grant
a new trial, he did not affix to the notice of appeal the corre-
sponding internal revenue stamps, as required by the Act
regulating the collection of fees and costs in civil cases of
March 11, 1915, until the 23rd of February, 1922. It results,
therefore, that the said fees were paid three months after the
notice of appeal had been filed in the clerk's office. In such
conditions it could not be maintained that the appeal had
been perfected, notwithstanding the fact that the notice of
appeal had been filed and served on the other party. In-
asmuch as on the day on which the fees for the appeal were
paid the right to appeal from the order refusing a new trial
had expired, it can not be admitted that the delayed payment
of such fees could have revived a right which had been ab-
solutely extinguished by the expiration of the time within
which to appeal. We are also of the opinion that such prac-
tice would not be in consonance with the seriousness which
should be given to judicial proceedings, for it would leave
to a party the option to avail himself of the opportunities of
a judicial term, as he might or might not see fit to pay the
fees required by law, for the perfection of a judicial act.

Consequently, in cases · of appeal the parties must comply strictly with the statutory requisites and compliance with them can not be left to their convenience. This court has already held in a clear and positive manner that a notice of appeal to which the corresponding internal revenue stamp is not affixed in payment of the costs provided for by the above cited Act of March 11, 1915, is null and void. See *Nazario* v. *Santos,* 27 P. R. R. 83.

However, referring to the motion for a new trial, we may observe that it raised and discussed questions identical to those disposed of in the appeal, and the only new matter submitted was the imputation made by the defendant that the date of the transfer was altered in the license of· the Ford automobile belonging to the plaintiff.

Apart from what we have said in our previous opinion regarding the legal· value of licenses issued to automobile owners by the Commissioner of the Interior, in this case the point in controversy was submitted to the trial court by an affidavit. and a counter-affidavit and the said court adjusted the conflict in favor of the plaintiff, and it has not been shown that in weighing the evidence the court was influenced by prejudice or committed manifest error; therefore, we must concur in its decision overruling the motion for a new trial.

For the foregoing reasons the motion for reconsideration is denied.

*Reconsideration denied.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.